IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BENJAMIN WALKER,** | ) | |
| | ) | |
| Plaintiff, | ) | 1:19-cv-08327 |
| | ) | |
| v. | ) | |
| | ) | |
| **COLLECTION PROFESSIONALS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, BENJAMIN WALKER, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, COLLECTION PROFESSIONALS, INC., Plaintiff states as follows:

### I. Preliminary Statement

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq., and the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. Jurisdiction and Venue

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. Parties

3. Plaintiff, BENJAMIN WALKER, is an adult individual and citizen of the State of Illinois.

4. Defendant, COLLECTION PROFESSIONALS, INC., is a business entity that regularly conducts business in all cities and counties in the United States and is a corporation

whose principal place of business is located in the State of Illinois. Furthermore, at all relevant times herein, Defendant acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed McDonough District Hospital.

5. Defendant is aware that the credit reporting agencies to whom it is providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

6. Defendant is also aware that the reporting of an item on one's credit report as a collection conveys the message to current and potential creditors, employers and insurers that the consumer has either refused to pay or has an inability to pay a debt that he or she owes. Defendant also uses credit reporting as a means of collection in that Defendant is aware that a consumer would pay a debt to avoid continued reporting of a collection on his or her credit report

7. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies.

8. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff having an account in collections with Defendant because a medical bill was not paid to the original creditor, McDonough District Hospital.

9. Specifically, the Plaintiff asserts that he was never aware of the fact that there was still an outstanding bill for treatment. Plaintiff was never sent an original bill prior to the account being placed in collections, was never given any notice of the account prior to it being reported on his credit file, was never was given the opportunity to timely pay the account, and never refused to pay the bill.

10. Any attempts to send the bill were sent to the wrong address. There was no attempt to communicate with Plaintiff that was sent to a correct location or reach Plaintiff.

11. Despite providing Defendant with notice of these facts, Defendant has disseminated information that the account remains as an unpaid collection and as an untimely payment.

12. When Plaintiff did receive notice that the aforementioned bill had not been paid, in late August of 2019, he promptly forwarded funds to Defendant, in the form of a money order, to pay the bill.

13. Upon receipt of the money order from Plaintiff, Defendant promptly mailed the money order back to Plaintiff without any explanation.

14. Upon receiving the money order back from Defendant, Plaintiff called Defendant to find out why he was unable to pay the bill.

15. Defendant demanded that the bill be paid over the phone, allowing Defendant access to Plaintiff's bank account for an electronic transfer, to which Plaintiff agreed.

16. Plaintiff then and there paid the bill promptly after of learning of its existence.

17. Plaintiff again explained to Defendant that the bill was never received and requested that Defendant delete the entry of a collection from his credit report.

18. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

19. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

20. In October of 2019, Plaintiff disputed the inaccurate information with the credit reporting agencies by written communication to its representatives and by following the reporting agencies' established procedure for disputing consumer credit information.

21. Upon information and belief, within five (5) days of Plaintiff notifying the aforementioned credit reporting agency, said agency notified Defendant of Plaintiff's dispute and the nature of the dispute.

22. Defendant then and there owed to Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff.

23. Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

24. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed and refused to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

25. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    c. Decreased credit score which may result in inability to obtain credit on future attempts.

26. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

27. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## IV.   Allegations
### COUNT ONE
### VIOLATIONS OF FCRA v. COLLECTION PROFESSIONALS, INC.

28. Plaintiff re-alleges and incorporates paragraphs 1 – 18 as if fully set forth herein.

29. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

31. At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

32. This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    (a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    (b) willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

    (c) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    (d) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    (e) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    (f) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

33. This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## COUNT TWO
## VIOLATIONS OF THE FDCPA v. COLLECTION PROFESSIONALS, INC.

34. Plaintiff re-alleges and incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. In August of 2019, Plaintiff accessed his credit file and discovered an account reported by Defendant in the amount of $130.00.

36. Plaintiff contacted Defendant to inquire about the account and was advised that bills were sent to an address that was incorrect and was not forwarded to him .

37. Plaintiff promptly sent a money order in the amount of $130 to Defendant to pay the bill.  As stated above, Defendant refused Plaintiff's form of payment, prompting an immediate call and electronic funds transfer to Defendant to satisfy the outstanding debt.

38. Defendant refused to remove the account from Plaintiff's credit file and refused to mark the account as "disputed by consumer."

39. The reporting of this debt in any form is inaccurate as it is misleading.  Despite that the debt was technically sent to a collector and paid to a collector, Plaintiff was never late with the payment.  Plaintiff was never given any notice that there remained $130 bill for treatment he had in the past.  To report that he was an irresponsible payor that allowed an account to go into collection is so misleading that it is inaccurate.

40. In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

    a. Communicated or threatened to communicate to any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. § 1692e(8).

41. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

+

## V. Jury Trial Demand

42. Plaintiff demands trial by jury on all issues so triable.

## VI. Prayer for Relief

WHEREFORE, Plaintiff, BENJAMIN WALKER, seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
**BENJAMIN WALKER**

By:   s/ David M. Marco
       Attorney for Plaintiff

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com