IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:19-cv-08327 |
| | ) | |
| v. | ) | Judge Durkin |
| | ) | Magistrate Judge Weisman |
| COLLECTION PROFESSIONALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT INITIAL STATUS REPORT

1. **Nature of the Case**

   A. **Identify the attorneys of record for each party, including the lead trial attorney.**

   **Attorney for Plaintiff:**
   David Marco-lead trial attorney
   Larry Smith

   **Attorney for Defendant:**
   Justin Penn-lead trial attorney
   Louis J. Manetti, Jr.

   B. **State the basis for federal jurisdiction:** Jurisdiction of this Court arises under the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and §1337. Venue is proper in this district pursuant to 28 U.S.C. §1391(b);

   C. **Describe the nature of the claims asserted in the complaint and any counterclaims, including relief sought:** This is an action for damages brought by an individual consumer against a debt collector for violations of the FDCPA and FCRA. Plaintiff claims all damages recoverable including actual damages, statutory damages, punitive damages, attorneys' fees and costs.

1

## 2. Pending Motions and Case Plan

A. **Identify any Pending Motions:** There are currently no motions pending.

B. **The parties have read the Standing Order for the Mandatory Initial Discovery Pilot Project.**

   The parties have no unresolved issues pertaining to discovery.

C. **Submit a proposal for a discovery plan, including the following information:**

   i. The general type of discovery needed:

   a. Documents pertaining to the debt on which Defendant was attempting to collect from Plaintiff;

   b. The nature of the debt that Defendant was attempting to collect from Plaintiff;

   c. Information pertaining to Defendant's efforts to collect the alleged debt from Plaintiff;

   d. Defendant's communications with third parties regarding the collection of Plaintiff's alleged debt;

   e. Defendant's telephone logs and collection notes relative to the debt on which Defendant was attempting to collect;

   f. Communications between the parties;

   g. Written communications between Defendant and the creditor of the debt on which Defendant was attempting to collect from Plaintiff;

   h. Defendant's policies and procedures for the collection of, reporting or, and investigation into, consumer debts;

   i. Defendant's policies and procedures maintained to avoid violations of the FDCPA; and

   j. Plaintiff's claim for damages.

   ii. A date to issue written discovery not already covered under the mandatory disclosures required by MID

   March 31, 2020.

   iii. Any amendments to the pleadings or actions to join other parties shall be filed on or before May 18, 2020.

    iv.    The cutoff for fact discovery shall be August 17, 2020.

    v.    Any dispositive motions shall be filed on or before August 31, 2020.

**D.** E-Discovery

    i.    Indicate whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately;

    The parties agree that any information responsive to a discovery request that is stored electronically shall, in the first instance, be printed and produced as retained by the producing party in the ordinary course of business, subject to any claim of privilege. It may be necessary to request files in their native format but that will be discernable upon initial review of the printed version of the documents.

    For any such claim of privilege, the parties agree that the producing party shall provide a privilege log describing in detail the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing the information over which the claim of privilege or protection is asserted, will enable other parties to assess the claim.

    It is presently unknown as to whether the discovery of any metadata shall be necessary in this matter.

    ii.    Indicate whether the parties anticipate any electronic discovery disputes and whether the parties would agree to submit an electronic discovery dispute to a mediator from the e-mediation panel.

    The parties do not anticipate any electronic discovery disputes.

**E.** Indicate whether a jury trial is requested and the probable length of trial.

A jury demand has been made by Plaintiff. Trial is expected to last 2-3 days.

### 3. Consent to Proceed Before a Magistrate Judge

**A.** The parties do not consent to proceed before Magistrate Judge Weisman for all proceedings including dispositive motions and trial.

3

### 4. Status of Settlement Discussions

A. **Indicate whether any settlement discussions have occurred,** and if so, the status of those discussion. unless it is impossible due to the uncertainty of damages, plaintiffs should have made a demand by the first status conference.

The parties are actively engaged in settlement discussions.

B. **Whether the parties request a settlement conference** before the magistrate judge assigned to the case.

Not at the present time.

### 5. Other

A. **Electronic Service of Discovery:** The parties agree that, pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers, including discovery requests, may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be either Microsoft Word (.doc or .docx) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, then the sending party shall promptly (within three (3) business days of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

B. **Exhibits:** The parties agree to use a unified exhibit numbering system for any depositions to be taken by either party in this matter.

C. **Protective Order:** Any request for the entry of a Confidentiality Protective Order shall be filed by March 13, 2020.

Dated: February 21, 2020

| For Plaintiff, Benjamin Walker | For Defendant, Collection Professionals, Inc. |
|---|---|
| s/David M. Marco | s/ Justin Penn |
| David M. Marco | Justin Penn |
| SMITHMARCO, P.C. | HINSHAW & CULBERTSON |
| 55 W. Monroe Street, Suite 1200 | 151 N. Franklin, Suite 2500 |
| Chicago, IL 60603 | Chicago, Illinois 60606 |
| Telephone: (312) 546-6539 | Telephone: (312) 704-3157 |
| Facsimile: (888) 418-1277 | Facsimile: (312) 704-3001 |
| E-Mail: dmarco@smithmarco.com | E-Mail: JPenn@hinshawlaw.com |